# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 21, 2008

Charles R. Fulbruge III
Clerk

No. 08-50374
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

ALFREDO VELA-MARTINEZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-1549-1

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Alfredo Vela-Martinez (Vela) appeals from the sentence imposed for his guilty plea conviction for being found in the United States following deportation. Vela was sentenced at the top of his advisory sentencing guidelines range to a 57-month term of imprisonment. He contends in light of his personal circumstances and the circumstances surrounding his offense that his sentence is unreasonable because it was greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Following United States v. Booker, 543 U.S. 220 (2005), we review a district court's sentencing decisions for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). Gall v. United States, 128 S. Ct. 586, 596-97 (2007). First, we consider whether the sentence imposed is procedurally sound. Id. at 597. Thereafter, we consider whether the sentence is substantively reasonable, using an abuse-of-discretion standard. Id. A sentence imposed within a properly calculated guideline range is entitled to a rebuttable presumption of reasonableness. Rita v. United States, 127 S. Ct. 2456, 2462 (2007); United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).

Citing the Supreme Court's decisions in Kimbrough v. United States, 128 S. Ct. 558, 575 (2007), and Rita, 127 S. Ct. at 2463, Vela argues that the within guidelines sentence imposed in his case should not be accorded a presumption of reasonableness. Vela contends that the justification for applying a presumption of reasonableness in his case is undercut because U.S.S.G. § 2L1.2(b), the Guideline used to calculate his advisory sentencing guidelines range, was not promulgated according to usual Sentencing Commission procedures and did not take into account "empirical data and national experience." He portrays the Kimbrough decision as having "suggested" that the appellate presumption should not be applied to Guidelines that did not take account of this data and experience.

Our reading of Kimbrough does not reveal any such suggestion. The question presented in Kimbrough was whether a sentence "outside the guidelines range is per se unreasonable when it is based on a disagreement with the sentencing disparity for crack and powder cocaine offenses." 128 S. Ct. at 564. Speaking specifically to the crack cocaine Guidelines, the Court simply ruled that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." Id. at 575. In Kimbrough, the Court said nothing of the

2

applicability of the presumption of reasonableness. Moreover, the appellate presumption's continued applicability to § 2L1.2 sentences is supported by this court's decision in United States v. Campos-Maldonado, 531 F.3d 337, 338-39 (5th Cir.), cert. denied, 129 S. Ct. 328 (2008), which involved a similar challenge to § 2L1.2. The appellate presumption is therefore applicable in this case.

Vela argues that the sentence imposed by the district court is greater than necessary to satisfy the § 3553(a) factors. He contends that the Guidelines range overstates the seriousness of his criminal history and the seriousness of his unlawful entry offense. He also asserts that his motive for reentering the United States mitigates the seriousness of the offense.

The district court sentenced Vela to 57 months, a sentence at the top of the sentencing guidelines range. The totality of the circumstances in Vela's case, considered in light of the § 3553(a) factors, supports the sentence the district court judge imposed. The district court therefore did not abuse its discretion in imposing a sentence within the advisory guideline range. See Gall, 128 S. Ct. at 597-98.

Finally, Vela contends that his sentencing range is excessive because the lack of a "fast-track" program in the Western District of Texas results in a disparity between sentences imposed in that district and sentences imposed in districts that have such programs. As Vela concedes, his argument is foreclosed by United States v. Gomez-Herrera, 523 F.3d 554, 559-64 (5th Cir.), petition for cert. filed (U.S. July 2, 2008) (No. 08-5226). See also United States v. Lopez-Velasquez, 526 F.3d 804, 808 (5th Cir.), petition for cert. filed (U.S. July 25, 2008) (No. 08-5514) (same).

Accordingly, the judgment of the district court is AFFIRMED.